# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5298 | DATE | 9/16/2004 |
| CASE TITLE | | Christina Lusher vs. Jo Anne Barnhart | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____, Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Plaintiff's petition for attorney's fees under the Equal Access to Justice Act is granted for the full amount requested, $5,598.87, payable to plaintiff's attorney, Clyde Ogg. Accordingly, the Clerk of Court is directed to enter a judgment in favor of Clyde Ogg, as assignee of plaintiff Christiana Lusher, and against JoAnn Barnhart, Commissioner of Social Security, in the amount of $5,598.87 for attorney's fees under the Equal Access to Justice Act.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 17 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | rbf docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 9/16/2004 date mailed notice | |
| lmb courtroom deputy's initials | | Date/time received in central Clerk's Office | lmb mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 17 2004

CHRISTIANA M. LUSHER, )
 )
         Plaintiff, )
 )
vs. ) Case No. 02 C 5298
 ) Magistrate Judge Nan R. Nolan
JO ANNE B. BARNHART, Commissioner )
of Social Security, )
 )
         Defendant. )

## MEMORANDUM OPINION AND ORDER

On May 12, 2004, this court granted summary judgment in favor of plaintiff Christiana Lusher to the extent she sought to have her case remanded to defendant JoAnn Barnhart, the Commissioner of the Social Security Administration (the "Commissioner"), for a new administrative hearing regarding plaintiff's application for disability insurance benefits.[1] (Order of May 12, 2004 at 1.) This matter is now before the court on plaintiff's petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, the district court may award attorney's fees if "(1) the claimant is a 'prevailing party'; (2) the government was not substantially justified; (3) no 'special circumstances make an award unjust'; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement." *Golembiewski v. Barnhart*, No. 03-3382, 2004 WL 1925425, at *1 (7th Cir. Aug. 31, 2004). In opposing Lusher's petition for attorney's fees, the

---

[1] The court denied plaintiff's motion for summary judgment to the extent she asked the court to reverse the Commissioner's decision denying her application and to award her disability insurance benefits.



government's sole argument is that the Commissioner's position was substantially justified. As explained below, the court disagrees, and thus grants Lusher's petition for attorney's fees under the EAJA.

## DISCUSSION

Fees may be warranted under the EAJA "if either the government's pre-litigation conduct or its litigation position are not substantially justified."[2] *Golembiewski*, 2004 WL 1925425, at *2. "A decision by an ALJ constitutes part of the agency's pre-litigation conduct." *Id.* The Commissioner's position need not be correct to be substantially justified, but it must be reasonable. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). As the Seventh Circuit recently reiterated, "[t]he Commissioner's position is substantially justified if her conduct has a 'reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct.'" *Golembiewski*, 2004 WL 1925425, at *2 (citations omitted). There is no presumption under the EAJA that the prevailing party is entitled to fees. *United States v. Hallmark Construction, Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). However, it is the Commissioner's burden to establish that her position was substantially justified. *Golembiewski*, 2004 WL 1925425, at *2. According to the Seventh Circuit, the government must "show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Id.* (citing *Hallmark*, 200 F.3d at 1080).

Here, there was not a reasonable connection between the facts Lusher alleged regarding

---

[2] Although the district court can consider both pre-litigation conduct and litigation conduct, the court makes only one determination for the entire civil action regarding whether the government was substantially justified. *Golembiewski*, 2004 WL 1925425, at *2.

2

her fibromyalgia and the ALJ's opinion that she was not disabled. Lusher filed an application for disability insurance benefits, alleging disability resulting from fibromyalgia.[3] Lusher's case was remanded for a new hearing due to the ALJ's failure "'to build a rational bridge from the evidence to the finding that [Lusher] was not totally disabled.'" (Order of 5.12.04 at 7, quoting *Barrett v. Barnhart*, 355 F.3d 1065, 1069 (7th Cir. 2004).) The problem was not that the ALJ was overly broad or overly general in making his evaluation of Lusher's fibromyalgia—it was that the ALJ failed to make an evaluation at all.[4] As the court previously explained, the ALJ's "written evaluation was void of any substantive discussion of fibromyalgia whatsoever."[5] (Order of 5.12.04 at 7-8.)

The ALJ's failure to provide any substantive evaluation of Lusher's fibromyalgia renders the ALJ's decision unreasonable. The court does not suggest that whenever an ALJ fails to fully articulate the factual basis for his decision, it necessarily follows that the Commissioner's position was not substantially justified. *See Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992); *Sutton v. Chater*, 944 F. Supp. 638, 643 (N.D. Ill. 1996). However, this case involved more than a failure to articulate. Lusher's case was not just a matter of failing to provide sufficient

---

[3] Lusher also complained of chronic fatigue syndrome in her application. However, as explained in the earlier opinion, on appeal Lusher did not argue that the ALJ should have considered her chronic fatigue syndrome. (Order of 5.12.04 at 3 n.4.)

[4] The ALJ's written evaluation focused solely on Lusher's cardiomyopathy.

[5] The court's main reason for remanding the case for a new hearing was the ALJ's failure to address Lusher's fibromyalgia. (Order of 5.12.04 at 7-8.) After determining that remand was necessary, the court provided further instruction for the new hearing to address certain other omissions in the ALJ's written decision. Specifically, the court directed the ALJ to properly conduct and explain the RFC assessment, to assess Lusher's complaints of depression, and to ensure that hypotheticals posed to the vocational expert include whatever limitations the ALJ finds credible. (*Id.* at 9-10.)

3

reasoning to support a conclusion, it was a matter of failing to provide any substantive analysis of the claimant's primary complaint. It was not reasonable for the ALJ to render a decision denying disability benefits without assessing Lusher's primary complaint.

The Commissioner's arguments regarding the reasonableness of her position do not persuade the court to rule otherwise. For example, according to the Commissioner, even though the court criticized the ALJ's failure to evaluate Lusher's fibromyalgia and her depression,[6] the ALJ's position was not unreasonable because the record showed that Lusher "did not receive any ongoing treatment for either condition between her alleged onset date of disability and her date last insured." (Def.'s Resp. at 4.) The implication of this argument is that even though the court found that the ALJ impermissibly rejected entire lines of evidence without explanation, the ALJ could properly explain his decision if given a second chance. The Commissioner's argument

---

[6]The court criticized the ALJ for failing to assess Lusher's depression, explaining that "even if Lusher had not sought treatment, that is a factor to consider in assessing the severity of her depression—it does not excuse the ALJ from making the assessment." (Order of 5.12.04 at 10.) The court went on to state that the regulations required the ALJ to complete a Psychiatric Review Technique Form ("PRTF") whenever a claimant alleges a mental health impairment. (Id.) This statement regarding what the regulations require, as the Commissioner correctly noted in her response, is imprecise. More accurately, when the ALJ issued his written opinion on June 30, 2000, the regulations required a PRTF. Effective September 20, 2000, however, the regulations no longer require the ALJ to complete a PRTF. See 20 C.F.R. § 404.1520a(e)(2); Social Security Rules & Regulations, *20 C.F.R. Parts 404 and 416 Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury*, 65 FR 50746, 2000 WL 1173632 (Aug. 21, 2000). Because the regulations no longer require use of the PRTF, on remand the ALJ should evaluate Lusher's depression using the current procedures set forth in 20 C.F.R. § 404.1520a. *Kenoyer v. Barnhart*, No. 01-35469, 2002 WL 31396379, at *1 (9th Cir. Oct. 23, 2002) (unpublished opinion). The court has issued an amended opinion, *nunc pro tunc*, to correct the imprecision in the order issued on May 12, 2004.

The amended opinion also expressly states what was clearly implied in the original opinion: that the court granted Lusher's motion for summary judgment to the extent plaintiff sought a new hearing, but denied her motion to the extent she asked the court to award her disability insurance benefits.

4

misses the mark. The court recognizes the possibility that on remand, after sufficiently evaluating Lusher's alleged disabilities, the ALJ may again deny Lusher benefits. As explained in *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 n.3 (N.D. Ill. 1998), however, "that does not change the fact that the ALJ's original position was not substantially justified." By denying benefits without evaluating Lusher's primary complaint, the ALJ issued an opinion that lacked a reasoned basis. Even if the ALJ's position on remand is substantially justified, "his original lack of substantial justification has caused [Lusher] to incur recoverable expenses." *Id.*

The Commissioner also relies on *Jackson v. Chater*, 94 F. 3d 274, 279-80 (7th Cir. 1996), to argue that being wrong on one point does not mean that one's litigation position for an entire case lacked substantial justification.[7] Context is important, however. *Jackson* involved the government's decision to defend the testimony of a vocational expert in the face of conflicting evidence. *Id.* at 279. Here, the court did not remand the case because the ALJ chose between conflicting, permissible views of available evidence. *See id.* at 280. Rather, the remand was necessary because the ALJ failed to make any assessment of Lusher's primary complaint. In light of the Seventh Circuit's long-established requirement that the ALJ "build a bridge from the evidence to the conclusion," *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998), it should have been evident to the Commissioner that no reasonable court could affirm an ALJ's decision to deny benefits where the ALJ not only failed to connect the evidence to the conclusion, but failed to include any substantive discussion of the claimant's primary complaint whatsoever. *See Brindisi v. Barnhart*, No. 00 C 6495, 2003 WL 21696195, at *3 (N.D. Ill. July 21, 2003) (where

---

[7]Specifically, in an effort to show that the Commissioner's overall litigation position was substantially justified, the Commissioner argues that its opposition to some of the other arguments plaintiff raised on appeal was both correct and reasonable.

5

ALJ completely failed to make reasonable connection between evidence and conclusion and the written opinion was so lacking in reasoning that the court could not evaluate reasonableness of the ALJ's findings, the ALJ's position lacked substantial justification). Accordingly, the court finds that the Commissioner's pre-litigation position, in the form of the ALJ's written opinion, lacked substantial justification.

The only remaining issue is whether plaintiff's request for fees is reasonable. Plaintiff's counsel submitted a properly documented request for attorney's fees, delineating the individual dates counsel worked on Lusher's case, a description of work performed on each date, and the number of hours spent. Moreover, the Commissioner raised no objections to number of hours plaintiff's attorney expended, nor to the rates requested. The court therefore grants plaintiff's request for fees for the full amount requested. *Sample v. Shalala*, No. 91 C 2191, 1994 WL 66144, at *3 (N.D. Ill. Mar. 2, 1994) (granting petition for fees, including request for a cost of living adjustment to the statutory rate, where Commissioner raised no objections). The 27.40 hours billed in 2002 shall be paid at a rate of $146.25/hour, subtotaling $4,007.25; the 10.70 hours billed in 2003 shall be paid at a rate of $148.75/hour, subtotaling $1,591.62.[8] The court thus awards plaintiff a total of $5,598.87 in attorney's fees under the EAJA.

## CONCLUSION

Plaintiff's petition for attorney's fees under the Equal Access to Justice Act is granted for the full amount requested, $5,598.87, payable to plaintiff's attorney, Clyde Ogg.[9] Accordingly,

---

[8]Plaintiff's requested hourly rate of $146.25 for 2002 and $148.75 for 2003 reflects the statutory rate adjusted for an increase in the cost of living.

[9]Because plaintiff has a contingency fee agreement with her attorney, plaintiff requested that any sum awarded for attorney's fees be paid directly to her attorney. In the event plaintiff is

6

the Clerk of Court is directed to enter a judgment in favor of Clyde Ogg, as assignee of plaintiff Christiana Lusher, and against JoAnn Barnhart, Commissioner of Social Security, in the amount of $5,598.87 for attorney's fees under the Equal Access to Justice Act.

ENTERED:

NAN R. NOLAN

United States Magistrate Judge

Dated: September 16, 2004

---

awarded disability insurance benefits, the contingent fee owed to her attorney shall be reduced by the $5,598.87.